UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------- x
CHARLES BROWN,                        :
         Plaintiff,             :   Civil Action
                                      :   No. 05-10400-RCL
   v.
                                      :
BIOGEN IDEC INC., WILLIAM RASTETTER
and JAMES MULLEN,                     :

         Defendants.
------------------------------------- x
CARY GRILL,                           :

         Plaintiff,             :   Civil Action
                                          No. 05-10453-RCL
   v.                                 :

BIOGEN IDEC INC., WILLIAM RASTETTER   :
and JAMES MULLEN,
                                      :
         Defendants.
------------------------------------- x
ROCHELLE LOBEL,                       :

         Plaintiff,             :   Civil Action
                                          No. 05-10801-RCL
   v.                                 :

BIOGEN IDEC INC., WILLIAM RASTETTER   :
and JAMES MULLEN,
                                      :
         Defendants.
------------------------------------- x

**DEFENDANTS' RESPONSE TO THE MOTION OF THE
LONDON PENSIONS FUND AUTHORITY AND NATIONAL ELEVATOR
INDUSTRY PENSION FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFFS AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

Defendants Biogen Idec Inc., William Rastetter and James Mullen (collectively "Defendants") respond as follows to the Motion Of The London Pensions Fund Authority And National Elevator Industry Pension Fund For Consolidation, Appointment As Lead Plaintiffs And For Approval Of Selection Of Lead And Liaison Counsel, dated May 2, 2005 (Docket No. 14) (the "Motion"), as follows:

1. Defendants take no position concerning the Motion insofar as it seeks an order of consolidation of the above-captioned cases pursuant to Section 21D (a)(3)(B)(ii) of the Private Securities Litigation Reform Act of 1995 (the "Reform Act") (15 U.S.C. § 78u-4 (a)(3)(B)(ii)) and Fed. R. Civ. P. 42(a);

2. Defendants take no position concerning the Motion insofar as it seeks an order of appointment as lead plaintiffs and the appointment of the Lerach Coughlin Stoia Geller Rudman & Robbins LLP firm as plaintiffs' lead counsel pursuant to Section 21(D) (a)(3)(B)(i) of the Reform Act (15 U.S.C. § 78u-4 (a)(3)(B)(i);

3. However, Defendants object to, and reserve their rights to dispute, the assertions in the memorandum in support of the Motion (Docket No. 16 at 8-10) concerning plaintiffs' alleged satisfaction of the requirements of Rule 23 of the Federal Rules of Civil Procedure, including typicality and adequacy of proposed representatives. Defendants intend to move to dismiss the complaint herein. If that motion is not granted in its entirety, Defendants will address any motion by plaintiffs for certification of any class alleged as to Defendants. This Court's

decision on the Motion concerning appointment of lead plaintiffs and their counsel does not affect Defendants' rights to challenge class certification, including challenges based on adequacy or typicality, if any part of the action survives a motion to dismiss.  See Greebel v. FTP Software, 939 F. Supp. 57, 60-61 (D. Mass. 1996) (defendants' right to challenge plaintiffs' satisfaction of Fed. R. Civ. P. 23 at the class certification stage is unaffected by lead plaintiff/lead counsel determination under the Reform Act).

Dated: May 16, 2005
      Boston, Massachusetts

Respectfully submitted,

 /s/  James R. Carroll
James R. Carroll (BBO #554426)
Matthew J. Matule (BBO #632075)
Michael S. Hines (BBO #653943)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendants